UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| CELESTINA LAMAI,<br><br>    Plaintiff,<br><br>vs.<br><br>CENTRAL IOWA HEALTH SYSTEM, d/b/a UNITYPOINT HEALTH – DES MOINES, IOWA METHODIST MEDICAL CENTER,<br><br>    Defendant. | Case No. 4:23-cv-00105<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S PETITION AT LAW AND JURY DEMAND** |

The Defendant Central Iowa Hospital Corporation d/b/a Iowa Methodist Medical Center[1] files the following answer in response to Plaintiff's Petition and Jury Demand.

### PARTIES

1. In response to paragraph 1 of Plaintiff's Petition, Defendant lack information to form a belief as to Plaintiff's residency and deny that unlawful actions occurred.

2. In response to paragraph 2 of Plaintiff's Petition, Defendant states that Plaintiff has improperly captioned the petition but admits that Central Iowa Hospital Corporation d/b/a Iowa Methodist Medical Center is an Iowa nonprofit corporation doing business in Polk County, Iowa.

3. In response to paragraph 3 of Plaintiff's Petition, Defendant denies the allegations.

### JURISDICTION AND VENUE

4. In response to paragraph 4 of Plaintiff's Petition, Defendant denies the allegations.

---

[1] Plaintiff incorrectly named Defendant in her Petition as Central Iowa Health System d/b/a UnityPoint Health – Des Moines, Iowa Methodist Medical Center. The correct name is Central Iowa Hospital Corporation d/b/a Iowa Methodist Medical Center.

5. In response to paragraph 5 of Plaintiff's Petition, Defendant denies the allegations.

## CONDITIONS PRECEDENT

6. In response to paragraph 6 of Plaintiff's Petition, Defendant admits the allegations.

7. In response to paragraph 7 of Plaintiff's Petition, Defendant admits the allegations.

8. In response to paragraph 8 of Plaintiff's Petition, Defendant denies the allegations for lack of information.

9. In response to paragraph 9 of Plaintiff's Petition, Defendant denies the allegations.

## FACTS COMMON TO ALL COUNTS

10. Defendant repleads and incorporate responses set forth above.

11. In response to paragraph 11 of Plaintiff's Petition, Defendant admits the allegations.

12. In response to paragraph 12 of Plaintiff's Petition, Defendant admits the allegations.

13. In response to paragraph 13 of Plaintiff's Petition, Defendant admits the allegations.

14. In response to paragraph 14 of Plaintiff's Petition, Defendant admits the allegations.

15. In response to paragraph 15 of Plaintiff's Petition, Defendant denies the allegations.

16. In response to paragraph 16 of Plaintiff's Petition, Defendant admits that Lamai was reassigned from one surgical assignment to a like surgical assignment. The remaining allegations are denied.

17. In response to paragraph 17 of Plaintiff's Petition, Defendant admits the allegations.

18. In response to paragraph 18 of Plaintiff's Petition, Defendant denies the allegations.

19. In response to paragraph 19 of Plaintiff's Petition, Defendant denies the allegations.

## COUNT I
### Race and Color Discrimination
### The Iowa Civil Rights Act, Iowa Code Chapter 216

20. Defendant repleads and incorporate responses set forth above.

21. In response to paragraph 21 of Plaintiff's Petition, Defendant admits the allegations.

22. In response to paragraph 22 of Plaintiff's Petition, Defendant admits that an employee of Defendant improperly acceded to the request of a patient in violation of Defendant's established policy.

23. In response to paragraph 23 of Plaintiff's Petition, Defendant admits that an employee of Defendant improperly acceded to the request of a patient in violation of Defendant's established policy.

24. In response to paragraph 24 of Plaintiff's Petition, Defendant admits that an employee of Defendant improperly acceded to the request of a patient in violation of Defendant's established policy.

25. In response to paragraph 25 of Plaintiff's Petition, Defendant admits that an employee of Defendant improperly acceded to the request of a patient in violation of Defendant's established policy.

26. In response to paragraph 26 of Plaintiff's Petition, Defendant denies the allegations. The Defendant informed Plaintiff that her reassignment was improper and inconsistent with Defendant's well-established non-discrimination policy.

27. In response to paragraph 27 of Plaintiff's Petition, Defendant denies the allegations. The Defendant informed Plaintiff that her reassignment was improper and inconsistent with Defendant's well-established non-discrimination policy.

28. In response to paragraph 28 of Plaintiff's Petition, Defendant denies the allegations. The Defendant informed Plaintiff that her reassignment was improper and inconsistent with Defendant's well-established non-discrimination policy.

29. In response to paragraph 29 of Plaintiff's Petition, Defendant denies the allegations.

30. In response to paragraph 30 of Plaintiff's Petition, Defendant denies the allegations.

## COUNT II
## Race and Color Discrimination
## Title VII of the Civil Rights Act of 1964
## 42 U.S.C. § 2000e *et seq.*

31. Defendant repleads and incorporates responses set forth above.

32. In response to paragraph 32 of Plaintiff's Petition, Defendant admits the allegations.

33. In response to paragraph 33 of Plaintiff's Petition, Defendant denies the allegations.

34. In response to paragraph 34 of Plaintiff's Petition, Defendant denies the allegations.

35. In response to paragraph 35 of Plaintiff's Petition, Defendant denies the allegations.

## COUNT III
## Race and Color Discrimination
## 42 U.S.C. § 1981

36. Defendant repleads and incorporates responses set forth above.

37. In response to paragraph 37 of Plaintiff's Petition, Defendant admits paragraph 37 of the petition accurately quotes the law.

38. In response to paragraph 38 of Plaintiff's Petition, Defendant admits paragraph 38 of the petition accurately quotes the law.

39. In response to paragraph 39 of Plaintiff's Petition, Defendant admits the allegations.

40. In response to paragraph 40 of Plaintiff's Petition, this contains a legal conclusion for which no response is required.

41. In response to paragraph 41 of Plaintiff's Petition, Defendant denies the allegations.

42. Defendant denies that it authorized or ratified Plaintiff's reassignment and further states that Plaintiff did not suffer any contractual damages as a result of the violation of Defendant's

well-established policies. Plaintiff's job duties were not changed. Her pay was not impacted. Plaintiff was simply reassigned to a different surgery.

43. Defendant denies that it authorized or ratified Plaintiff's reassignment and further states that Plaintiff did not suffer any contractual damages as a result of the violation of Defendant's well-established policies.

44. In response to paragraph 44 of Plaintiff's Petition, Defendant denies the allegations.

45. In response to paragraph 45 of Plaintiff's Petition, Defendant denies the allegations.

46. In response to paragraph 46 of Plaintiff's Petition, Defendant denies the allegations.

## AFFIRMATIVE AND OTHER DEFENSES

1. Plaintiff has failed to mitigate her damages to the extent she has suffered any damages.

2. Defendant had reasonable procedures and policies in place to prevent and remedy race discrimination and retaliation and Plaintiff unreasonably failed to avail herself of such policies and procedures.

3. Plaintiff's claims are barred to the extent that the allegations in Plaintiff's Complaint exceed the scope of the allegations contained in her administrative complaint.

4. Plaintiff's claims are barred to the extent that she failed to meet any other administrative and/or statutory prerequisites to filing a suit and to the extent that she has failed to exhaust administrative procedures.

5. To the extent that Plaintiff seeks to base her claims on events occurring outside the applicable statute of limitations, such claims are barred.

6. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

7. Plaintiff's job duties were not modified. Her pay was not impacted. Plaintiff left her assignment. She refused to return to work. Nevertheless, Defendant continued to pay Plaintiff for the remainder of her limited-duration contract of employment.

8. At the termination of her limited-duration contract of employment, Plaintiff would have been terminated for legitimate non-discriminatory reasons.

9. Plaintiff's claims are barred and/or otherwise limited by the doctrine of unclean hands.

10. To the extent the Plaintiff's Complaint may be barred by any remaining affirmative or other defenses, including those contemplated by the Federal Rules of Civil Procedure, that cannot be determined at this time without benefit of discovery, Defendant reserves its right to assert all such affirmative and other defenses as appropriate.

*/s/ Frank Harty*
Frank Harty, AT0003356
/s/ Katherine D. Hamilton, AT0014891
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1600
Des Moines, IA 50309
Telephone: 515-283-3100
Facsimile: 515-283-8045
Email: fharty@nyemaster.com
Email: khamilton@nyemaster.com
**ATTORNEYS FOR DEFENDANT**

**Certificate of service**

      I hereby certify that on April 3, 2023, I presented the foregoing to the Clerk of the Court for filing and uploading into the ECF system, which will send notification of such filing to the following:

Melissa Hasso
Emily Wilson
Sherinian & Hasso Law Firm
111 East Grand, Suite 212
Des Moines, Iowa 50309
Phone: (515) 224-2079
Facsimile: (855) 224-2321
Email: mhasso@sherinianlaw.com
      ewilson@sherinianlaw.com
**ATTORNEYS FOR PLAINTIFF**

                                       /s/ Nicole M. Graham